UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROSE WENZLER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO SUPERIOR COURT,<br><br>Defendant. | No. 2:24-cv-2458 DC AC PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A.   Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1 baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and
2 (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton
3 Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.
4 1037 (2011).
5       The court applies the same rules of construction in determining whether the complaint
6 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
7 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
8 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
9 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
10 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
11 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
12 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
13 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
14 556 U.S. 662, 678 (2009).
15       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
16 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has
17 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
18 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
19 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
20 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
21 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in
22 Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).
23       B.  The Complaint
24       Plaintiff brings suit against the Sacramento Superior Court for actions related to a state
25 court case; the complaint refers in conclusory fashion to misconduct, bad faith, no honest
26 business, and attempt to violate the Rule 8.4 of the rules of professional conduct.  ECF No. 1 at 3-
27 4. As a basis for federal question jurisdiction, plaintiff references a "22.5 million dollar demand
28 letter Sacramento Superior Court certified mailed to Attorney Brian DeAmicis who Sacramento

Justice Hall removed as attorney from my case[.]" ECF No. 1 at 4.  The factual basis for the claim reads in full:

> Sacramento Superior Court sent me papers 9/6/2024 I got Sacramento Superior Court sent attorney Brian DeAmicis 22.5 million dollar demand papers my work.  Attorney not representing me.  Sacramento Superior Court sent a demand letter.  Whiteout no amount of money listed on.

Id. at 5.

The statement of relief sought reads, "Sacramento Superior Court 4 years wrong to Elizabeth Wenzler, gave Elizabeth Wenzler no protection on the Restraining orders were all Done Wrong to Elizabeth Wenzler Sacramento Superior Court send papers to attorney Brian DeAmicis they should have never mailed out to." Id. at 6.

Attached to the federal complaint are documents related to a pro se lawsuit that plaintiff brought in state court regarding a car accident and ensuing insurance dispute.  Id. at 7-29.

C.  Analysis

This complaint must be dismissed, for several reasons.  First, it is barred by the Eleventh Amendment.  Plaintiff cannot sue the California State judiciary or any of its departments or officers because the Eleventh Amendment bars any such suits.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).  Eleventh Amendment immunity extends to the Sacramento County Superior Court.  Because the only named defendant is immune from suit, this case cannot proceed.

Second, the complaint fails to establish a basis for federal jurisdiction.  Although plaintiff indicates that jurisdiction is based on the presence of a federal question, she identifies no federal law that has been violated.  The complaint fails to satisfy 28 U.S.C. § 1331, because it does not contain a claim arising under a federal law or the United States Constitution, and is not authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  See Baker v. Carr, 369 U.S. 186, 198 (1962).

Third, to the extent that plaintiff is seeking relief from—or relief based on—the adjudication of her state court case, the Rooker-Feldman doctrine precludes the exercise of subject matter jurisdiction.  See Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 483

n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Rooker-Feldman doctrine forbids federal court consideration of claims that are inextricably intertwined with the validity of state court judgments. See Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012).

Fourth, the complaint fails to state a claim upon which relief may be granted. Plaintiff does not specify any cause of action, and no potentially cognizable cause of action appears from the face of the complaint.

For all these reasons, the complaint must be dismissed.

## II.  Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

## III.  Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because you cannot sue a State Court in Federal Court. You may object to this recommendation within 21 days, if you wish to do so.

## IV.  Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED without prejudice because it fails to state a claim upon which relief can be granted and because this lawsuit is barred by the Eleventh Amendment, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's

1  order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 28, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE